# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00777-CR
## NO. 03-24-00778-CR

---

**John Edgar Crayton, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 22-1624-K26 & 22-1625-K26
THE HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found John Edgar Crayton, Jr., guilty of two counts of intoxication manslaughter with a vehicle. *See* Tex. Penal Code § 49.08(b). He pleaded true to an enhancing offense and was found to have been convicted previously of burglary of a habitation with intent to commit a felony. The jury assessed sentence for each offense at 40 years in prison. The sentences run concurrently.

Crayton does not challenge the guilty verdicts or prison sentences. By a single issue, Crayton contends that the trial court erred by assessing court costs without conducting an ability-to-pay hearing. We will affirm the judgments.

The Code of Criminal Procedure provides that, during or immediately after imposing a sentence in a case, "a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." Tex. Code

Crim. Proc. art. 42.15(a-1). If a defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the award should be satisfied in other specified ways. *Id*.

No hearing during or immediately after imposing sentence on Crayton's ability to pay court costs appears in the reporter's record, but neither do we find a request for such a hearing or an objection to its absence. At the end of the sentencing hearing, the trial court asked if anything further was needed. Crayton asked for appointment of appellate counsel but did not mention a hearing on his ability to pay court costs. The judgments did not state when Crayton was to pay the costs, much less order him to pay any part of the costs immediately.

Crayton forfeited his appellate complaint about the absence of a hearing when he failed to object to its absence. *See Cruz v. State*, 698 S.W.3d 265, 267–68, 271 (Tex. Crim. App. 2024). The Court of Criminal Appeals held that the ability-to-pay inquiry is not fundamental to proper functioning of the adjudicatory system, that requesting it would not likely be futile, and that requiring an objection to enforce it would not undermine the public's perceptions of the judicial system. *Id*. at 269. An objection is required to preserve the error for appellate review. *Id*. at 266, 271. Crayton's failure to object forfeited the complaint.

Further, even if the claimed error were preserved for appellate review, it is not reversible. *See* Tex. R. App. P. 44.2 (defining reversible error on constitutional and other grounds). In addition to concluding that such error is not fundamental, the *Cruz* court noted that relief from costs such as delayed or periodic payments, community service, and fine-and-costs waiver is "available forever after sentencing." 698 S.W.3d at 269. Crayton's complaint is that his ability to pay was not assessed on the record, but if payment of the costs is demanded and Crayton is unable to pay court costs, he can seek relief from the trial court then. *See* Tex. Code

2

Crim. Proc. art. 43.035(a) ) (providing that if defendant notifies trial court that defendant has difficulty paying fine and costs in compliance with judgment, "the court shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant"), (b) (listing methods by which defendant may notify trial court of difficulty in making payment), (e) (providing that trial court "retains jurisdiction" for that purpose).  If the trial court determines that undue hardship exists, the court will consider whether the costs should be satisfied through a different method.  *See id*. art. 43.035(c); *see also Cruz*, 698 S.W.3d at 269.  Because Crayton's ability to pay the assessed costs can be evaluated in the future, Crayton has presented no meritorious basis to reverse the judgments.

Finding that the error asserted was not preserved and that, even if it had been, the error asserted is not reversible, we affirm the judgments.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed:   March 20, 2026

Do Not Publish